1   THOMAS V. GIRARDI (SBN: 36603)
    GRAHAM B. LIPPSMITH (SBN: 221984)
2   ZOE C. JAMAIL (SBN: 265795)
    GIRARDI AND KEESE
3   1126 Wilshire Blvd.
    Los Angeles, California 90017
4   Telephone: (213) 977-0211
    Facsimile: (213) 481-1554
5   tgirardi@girardikeese.com
    glippsmith@girardikeese.com
6   zjamail@girardikeese.com

7   Attorneys for Plaintiffs, CURTIS REIS, ROBERT
    BOTHNER, GREGORY D. SCOTT, ROBERT H.
8   THOMPSON, MICHAEL L. ABRAMS, and
    DANIEL JACKSON

9
    GARY L. URWIN (SBN: 106436)
10  DAVID W. SKAAR (SBN: 265377)
    HOGAN LOVELLS US LLP
11  1999 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
12  Telephone: (310) 785-4600
    Facsimile: (310) 785-4601
13  gary.urwin@hoganlovells.com
    david.skaar@hoganlovells.com
14
    DAVID NEWMANN (admitted *pro hac vice*)
15  LIANA G.T. WOLF (admitted *pro hac vice*)
    HOGAN LOVELLS US LLP
16  555 13th Street, N.W.
    Washington, D.C. 20004-1109
17  Telephone: (202) 637-8622
    Facsimile: (202) 637-5910
18  david.newmann@hoganlovells.com
    liana.wolf@hoganlovells.com
19
    Attorneys for Defendant
20  FEDERAL INSURANCE COMPANY

21              UNITED STATES DISTRICT COURT

22              CENTRAL DISTRICT OF CALIFORNIA

23

24  CURTIS REIS, ROBERT BOTHNER,        | Case No. 2:11-cv-09835-RSWL-
    D. GREGORY SCOTT, ROBERT H.         | (MRW)
25  THOMPSON, MICHAEL L.                |
    ABRAMS, and DANIEL JACKSON,         | ~~Hon. Ronald S.W. Lew~~
26                                      |
                Plaintiffs,             | [~~PROPOSED~~] PROTECTIVE
27                                      | ORDER
    v.                                  |
28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles
                                  - 1 -                 [PROPOSED] PROTECTIVE ORDER

\\LA - 057212/000986 - 1045998 v1

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and DOES 1-10.,<br><br>            Defendants. | [filed concurrently with: Stipulated Confidentiality Agreement] |

Upon consideration of the Stipulated Confidentiality Agreement (the "Stipulation"), filed September 6, 2012, entered into by and among all Parties to the above-captioned proceeding, and for good cause shown,

**IT IS ORDERED AS FOLLOWS:**

In order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, all information disclosed by any Party in connection with the above-captioned proceeding (the "Proceeding") shall be governed in accordance with the Stipulation, which contains the following terms:

    1.    The Parties may designate any portion of the documents or testimony produced in the Proceeding "Confidential." All such documents and testimony (hereinafter "Confidential Information") shall be marked with the designation: "CONFIDENTIAL." In the event of a multi-page document, marking "CONFIDENTIAL" on the initial page shall be sufficient to designate the entire document.

    2.    "Confidential Information" means Discovery that the producing Party in good faith believes constitutes or contains non-public, confidential, personal, business or financial information.

    3.    "Discovery" shall include all information disclosed by the Parties in connection with the Proceeding.

    4.    The term "document" as used herein shall have the meaning and definition co-extensive with that contained in Fed. R. Civ. P. 34(a) and with the definition of writings and recordings contained in Fed. R. Evid. 1001. The term

"transcript" as used herein shall include the transcript of any sworn testimony, given by or on behalf of any Party during the course of Discovery and/or any portion thereof. The term "furnished" as used herein means the production of documents and/or the giving of testimony, whether voluntarily or involuntarily, whether pursuant to request or process and whether in accordance with the Federal Rules of Civil Procedure, or otherwise.

5. The designation referred to in Paragraph 1 shall be made at the time the document is furnished to any Party or at any time thereafter, however, should a receiving Party disclose any document furnished to it in the period between the document's disclosure to the receiving Party and the time that the producing Party designates a document as Confidential, no violation of this Stipulation shall result. Whenever a deposition taken by the Parties during the course of Discovery involves disclosure of Confidential Information, the deposition transcript shall be designated by the court reporter on the face of the transcript in the manner set forth herein at Paragraph 1. Such designation shall be made on the record, but any Party may designate deposition transcripts as CONFIDENTIAL after the record of the deposition has been transcribed, provided written notice of such designation is given by a Party within thirty (30) business days of delivery of the transcript.

6. Confidential Information shall be used by the Parties only in connection with the Proceeding. Confidential Information shall not be provided by the Parties to any person or entity not authorized by paragraph 7 of this Stipulation except by Order of the Court.

7. Subject to the conditions imposed by this Stipulation, Confidential Information shall not be disclosed by the Parties to any person or entity for any

//
//
//

purpose, except in connection with the uses authorized by paragraph 6, and then only to the following persons:

    a) the Court and Court personnel;

    b) counsel engaged by the Parties to assist or participate in the Proceeding;

    c) the Parties' personnel who are assisting, monitoring, reviewing, or making determinations with regard to or related to the Proceeding;

    d) any actual or prospective witness to the extent necessary for the Proceeding, including at deposition;

    e) auditors or examiners required or authorized by law to review materials that may include Confidential Information;

    f) vendors, experts, consultants, mediators, and arbitrators engaged by the Parties to assist or participate in the Proceeding;

    g) reinsurers, auditors or other entities to which the Parties may be required to respond or report in the ordinary course of business regarding the subject matter of the Proceeding, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations; and

    h) regulators to which the Parties may be required to respond or report in the ordinary course of business regarding the subject matter of the Proceeding.

8. No Confidential Information may be produced by the Parties to any person or entity in subsections (d) or (f) of paragraph 7, without such persons or entities signing <u>Exhibit A</u> attached hereto. A file shall be maintained by the attorneys of record for each Party of all such written agreements signed by persons to whom the Party has disclosed Confidential Information.

9. If any Party in possession of Confidential Information is served with a subpoena or other legal process requesting such information, that Party will give immediate notice thereof, through counsel, to the producing Party so that the producing Party may object or seek other relief; and provided that such Confidential Information will not be disclosed in the absence of an order requiring such production unless the producing Party, after receiving notice as described above and having a reasonable opportunity to intervene and object to such production, fails to move for a protective order or take other action to bar disclosure.

10. Where one or more Party(ies) seek(s) to file Confidential Information with the Court in pleadings, motions, or other papers, that Party or those Parties shall make the appropriate application to the Court to file such papers under seal. If the Court grants the motion, the moving party shall properly designate the papers as confidential and take all steps necessary to file the documents under seal with the Court. To the extent that the Court denies such motion, the Confidential Information will no longer be designated as "confidential" and the parties may file such information with the Court. Where possible, the Party or Parties will seek authorization from the Court to file only confidential portions of papers with the Court under seal.

11. Nothing herein shall prevent a Party from using its own Confidential Information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of any such material. Any such action shall not be deemed a breach or waiver of the Parties' obligations under this Stipulation.

12. Inadvertent failure to designate materials as Confidential Information at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Stipulation. If a Party discloses or has disclosed

Confidential Information to a non-Party, the disclosing Party shall, as soon as reasonably possible: (a) provide the producing Party with written notice of the disclosure; (b) provide the non-Party with written notice that the information disclosed was confidential; and (c) seek, and use its best efforts, to ensure the return or destruction of all Confidential Information that was disclosed to the non-Party.

13.   All documents provided by a Party to another Party prior to the date of this Stipulation are hereby designated as Confidential Information and shall be treated by the Parties as such.  Notwithstanding the foregoing, nothing in this paragraph shall preclude any Party from challenging a designation as CONFIDENTIAL with respect to the documents referred to in this paragraph in accordance with the provisions of paragraph 17 of this Stipulation.

14.   All Parties recognize and acknowledge that the potential exists for the inadvertent production of material that is protected by the attorney-client privilege, attorney work product protection, or other applicable privilege, protection, or immunity (collectively, the "Privileged Material").  The Parties agree that the production of Confidential Information under the terms and conditions of this Stipulation shall not constitute a waiver of any privilege or protection with respect to any Privileged Material that is inadvertently produced.  In the case of any inadvertent disclosure of Privileged Material, the receiving Party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing Party, return the original to the producing Party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document it maintains. Return of a document over which the producing Party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving Party's right to seek an order from the Court directing the production of the document on the ground that ~~the claimed privilege, protection, or immunity is invalid or inapplicable; provided,~~

however, that mere production of the document in this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

15. Nothing herein shall preclude a Party from applying to this Court, with notice to the other Party, for an order modifying this Stipulation or from objecting to discovery that it believes to be otherwise improper. It is understood and agreed that the execution of this Stipulation shall in no way constitute a waiver of a Party's right to raise or to assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility of any documents or their contents.

16. The completion of Discovery shall not relieve a Party from its obligations under this Stipulation. The Court shall retain jurisdiction after such completion for the purposes of any application to modify or enforce the provisions of this Stipulation.

17. Nothing in this Stipulation is intended to be or should be construed as a concession by any Party that the other's designation of documents or testimony as CONFIDENTIAL is necessary or appropriate. Moreover, nothing in this Stipulation precludes a Party from applying to this Court to remove the designation of CONFIDENTIAL from documents or testimony that it believes to be not confidential, provided however, that any such application be made on fifteen (15) business days' notice to the Party that designated the information as CONFIDENTIAL. Nothing herein precludes a Party from opposing such application.

18. This Stipulation may be modified by a writing signed by the Parties or by court order. If the Parties amend, modify or otherwise change this Stipulation, the revised Stipulation shall bind persons or entities that have executed <u>Exhibit A</u> only after a Party causes a copy of such amended, modified or changed Stipulation to be delivered to a person or entity that has executed <u>Exhibit A</u>. Nothing in this

Stipulation is intended to modify any pre-existing confidentiality agreement previously entered into by any Party or third party.

19. This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

20. At the conclusion of the Proceeding (including any appeal), the Parties agree that this Stipulation shall terminate and:

    a) The Parties and their counsel may retain a copy of any Confidential Information as reasonably necessary, to comply with future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights or as necessary to meet other business requirements. When such retention is no longer needed, the Parties and their counsel shall destroy the retained documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. The Parties and their counsel shall maintain the confidentiality of all such Confidential Information retained by the Parties and their counsel, in accordance with this Stipulation until such documents are destroyed. This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Stipulation.

    b) Counsel may retain an archival copy of Confidential Information for one year after the resolution of the Proceeding (including any appeal).

    c) All other signatories to Exhibit A agree to destroy or return documents produced to them within twenty days of the resolution of the Proceeding (including any appeal).

IT IS SO ORDERED.

DATED: September 7, 2012

                                                /s/ Judge Wilner
                                    Hon. Michael R. Wilner
                                    U.S. District Court Judge

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL

## COVERED BY THE STIPULATION OF CONFIDENTIALITY

## ATTACHED HERETO

I hereby acknowledge that I have read the attached Stipulation of Confidentiality (the "Stipulation"), understand the terms thereof, agree to comply with and be bound by those terms as stated in the Stipulation as of the date hereof, or as amended, modified or changed by the Parties after the date hereof, and consent to the jurisdiction of the United States District Court in and for the Central District of California for enforcement of that Stipulation. I understand that a violation of this undertaking could be punishable as a contempt of court or subject me to other relief.

Dated:_____

_____
Signature

_____
Print or Type Name